**Raymond WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48217–48219.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Stewart J. Alexander, San Antonio (Court-appointed) for appellant.

Ted Butler, Dist. Atty., Nick Rothe, David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeals are taken from a conviction of burglary of a private residence at nighttime in Cause No. 48,219 and orders revoking probation in Causes 48,217 and 48,218. Trial was before the Court upon a plea of not guilty to the indictment of burglary of a private residence at nighttime and punishment was assessed by the Court at six years. Prior to this conviction in the 186th District Court appellant had been previously convicted in the same court for felony theft upon pleas of guilty in Causes 48,217 and 48,218 on February 14, 1972, and assessed punishment of four years in each case. The imposition of sentences was suspended in both cases and appellant was granted probation. The motions for revocation of probation were based on the violation alleged in the indictment for burglary of a private residence at nighttime in Cause No. 48,219. It was stipulated that the testimony in Cause 48,219 would be used by the Court in considering the motions to revoke.

Appellant challenges the sufficiency of the evidence both as to the conviction and the revocations of probation.

Gatha May Clark testified that she left her apartment in the Victoria Courts in San Antonio for work about 5:30 p. m. on July 4, 1972. Before leaving Mrs. Clark locked the windows and the door. About 2:45 a. m. the next morning Mrs. Clark returned home from work. After unlocking the door and entering her apartment she found a man identified as appellant "laying on my bed asleep." She left the apartment and called the police. Mrs. Clark returned to the apartment with a policeman and upon the officer waking appellant she observed food stamps sticking out of his pocket. A heart shaped box in which her stamps were kept on the washing machine was on the floor. Food stamps were missing from the box. Mrs. Clark could not positively identify the stamps found on appellant as being the ones missing from the box, stating that "they seem to be." The window in the living room was broken above the latch and the screen was off, a condition which Mrs. Clark stated did not exist when she left home for work.

Officer Mayes of the San Antonio Police Department testified that he went with Mrs. Clark to her apartment on the morning of July 5th after having received a report that a burglary was in progress at such address. Mayes stated that "as I rolled the subject over" Mrs. Clark said "He's got my food stamps." Officer Mann arrived at the apartment shortly thereafter and he and Mayes both testified about finding glass on the floor under a broken window. Appellant testified in his own behalf and stated that he went to the apartment at the invitation of a "dude" named Jeremiah about "6:00 o'clock or 6:15." His reason for going was that Jeremiah was going to let him talk to a woman who lived in that apartment. Appellant stated that he was "kind of dizzy" from drinking beer and wine and upon arriving at the apartment he stopped at the back and Jeremiah went to the front. Jeremiah called him and when he went to the front Jeremiah was standing in the front door and invited him to come in and "make yourself

at home." Appellant got on the bed and stated that the next thing he remembered was the "policeman waking me up." Appellant testified that he had taken the more than twenty dollars worth of foodstamps found on his person from his mother for he and his friend to buy fruits, candy and soda water.

█ Appellant urges that the evidence does not support the allegation in the indictment charging appellant "did then and there at night . . . enter the private residence of Gatha May Clark" in that the proof established that entry was made during the daytime.

Article 1396, Vernon's Ann.P.C., defines "daytime" as "any time of the twenty-four hours from thirty minutes before sunrise until thirty minutes after sunset." The trial court was asked to take judicial knowledge that thirty minutes after sunset on July 4, 1972, would have been about 9:00 p. m. Mrs. Clark found appellant in her apartment about 2:45 a. m., a time that obviously could not have come within the definition of "daytime" as defined by Article 1396, V.A.P.C.

In Lee v. State, Tex.Cr.App., 459 S.W.2d 851 it was contended that there was no evidence that the offense occurred at night to support a conviction for burglary of a private residence at night. This Court held that the testimony of the complaining witness that she saw defendant in her apartment at 12:45 a. m., a time more than thirty minutes after sunset and more than thirty minutes before sunrise, was evidence that the offense occurred at nighttime.

█ The trial judge, as the sole trier of the facts, was authorized to accept or reject any or all of the testimony of the witnesses for either the State or the accused. Powell v. State, Tex.Cr.App., 479 S.W.2d 685; Rhodes v. State, Tex.Cr.App., 441 S.W.2d 197. Thus the judge could reject appellant's testimony in the instant case that he entered the apartment about "6:00 o'clock or 6:15."

We conclude that the evidence was sufficient to show that the offense occurred at nighttime as alleged in the indictment.

■ Appellant contends that the evidence is insufficient to support the conviction in that there was no evidence of felonious intent.

Appellant concedes that the breaking and entering of a house in the nighttime raises the presumption that the entry was with the intent to commit theft. See Clayton v. State, Tex.Cr.App., 493 S.W.2d 526; Garcia v. State, Tex.Cr.App., 453 S.W.2d 822; Leaderbrand v. State, Tex.Cr.App., 457 S.W.2d 557.

■ Appellant urges that he rebutted the presumption by his testimony that he did not break in or commit a theft and that he entered the apartment by invitation of a third party.

Article 1392, V.A.P.C. provides that " . . . it is not necessary that there should be an actual breaking to constitute burglary except when the entry is made in the daytime." See Leaderbrand v. State, supra.

■ The indictment charged appellant with the offense of burglary of a private residence at night with intent to commit theft. It is not necessary that property be taken where the prosecution is for burglary with the intent to commit theft. Ash v. State, Tex.Cr.App., 420 S.W.2d 703; Leaderbrand v. State, supra.

Appellant's explanation of his presence in the apartment is refuted by numerous incriminatory circumstances. A window was broken near its latch and the screen was removed after the complaining witness left her apartment. The container in which Mrs. Clark kept her food stamps was found on the floor and stamps were missing. Appellant was found to have food stamps in his pocket which appeared to belong to the complaining witness. Appellant did not know Jeremiah's last name or where he lived.

We reject appellant's argument that the evidence fails to show a felonious intent.

We find the evidence sufficient to support the conviction for burglary of a private residence at nighttime.

Further we find that the trial court did not abuse its discretion in revoking appellant's probation in Causes 48,217 and 48,218.

The judgments are affirmed.

Opinion approved by the Court.