Billy Hurbert HARGETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 51253.

Court of Criminal Appeals of Texas.

March 24, 1976.

Rehearing Denied March 31, 1976.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Les Eubanks and Richard

**910**

Worthy, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of burglary of a habitation. See V.T.C.A. Penal Code, Sec. 30.01(1), Sec. 30.02(a)(1). Punishment was assessed by the court at eighteen years.

Among appellant's grounds of error is the contention that the evidence is insufficient to show that the structure burglarized was in fact a habitation as that term is defined in V.T.C.A. Penal Code, Sec. 30.01(1).

The house involved was located at No. 923 Lilac Street in Mesquite, Dallas County. Len E. Clark testified that he owned several houses which he rented periodically, one of which was the house at 923 Lilac. During the weekend starting Saturday, March 23, 1974, Clark was in negotiations with John Poland to rent this house furnished with furniture belonging to Clark. On Sunday night, March 24th, the house was rented, but the Polands had not as yet moved in, and Clark testified that he had custody and control of the house and furniture. The evidence reflects that the house was completely furnished and ready for occupancy. However, Clark also testified that "John Poland, who had rented the house, possibly had moved something in, because I didn't know what he had moved in or not and it was several days (after the burglary) before I saw him and asked him if he had anything missing."

The evidence reflects that shortly after midnight on Monday, March 25, the house involved was burglarized, and much of the furniture was stolen. Among items recovered by the police that night and identified by Clark were a red vinyl couch and chair, a walnut bedroom dresser, a mirror and a couple of end tables. Later other pieces of furniture including parts of a bed were recovered and identified by Clark. A confession was obtained from appellant, and admitted in evidence.

V.T.C.A. Penal Code, Sec. 30.02 (Burglary) in its relevant portion reads:

> "(a) A person commits an offense if, without the effective consent of the owner, he:
>
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or  . . ."

This section provides that all burglaries are felonies of the second degree with certain named exceptions which are felonies of the first degree. A burglary of a habitation is made a first degree felony, punishable as such.

Section 30.01(1) defines "habitation" as meaning "a structure or vehicle that is *adapted for the overnight accommodation of persons.*" Subsection (2) defines "building" as meaning "any enclosed structure *intended for use or occupation as a habitation* or for some purpose of trade, manufacture, ornament, or use."

In *Jones v. State*, 532 S.W.2d 596, (Tex. Cr.App.1976), we were confronted with the contention that the burglarized structure there involved was not in fact a habitation as defined in the Penal Code, supra. That house was owned by Richard Farrell, a contractor, who testified that he had a contract for the sale of the completed house the day before the burglary, but that possession had not changed hands. No one was living there, or had lived there. There was no furniture in the house, no refrigerator, and while there were light fixtures, there may not have been "power," although there was a water connection.

After a thorough discussion of the present and prior laws regarding burglary, and after contrasting the provisions of the

present Code, and particularly Sections 30.-01 and 30.02, with the article of the former Penal Code dealing with burglary of a private residence at night and other statutes, and after comparing the definition of "habitation" with the definition of "building," we concluded that for the structure to be a "habitation" so as to make its burglary a first degree felony, "*the structure or vehicle must at the time of the alleged offense have been actually 'adapted for the overnight accommodation of persons' or at least at some prior time and still used for the overnight accommodation of persons,*" and not merely a structure that is "*intended for use or occupation as a habitation  .   .   .*"

In *Jones*, supra, this Court held that the vacant house in which no one was living or had lived and which contained no furniture, under the circumstances there proved, was not shown to be a habitation.  We further held, however, that the second degree felony of burglary of a building, V.T.C.A. Penal Code, Sec. 30.01(2) and Sec. 30.02(a)(1), is a lesser included offense of burglary of a habitation where the proof shows an enclosed structure, and since the trial was before the court on a plea of guilty, and the punishment was assessed by the court within the range both of a felony of the first degree and of the second degree, the conviction could be affirmed as a conviction for burglary of a building with the judgment and sentence being reformed accordingly.

■ In the instant case, we conclude that the testimony of the owner Clark is sufficient to prove that the house was a habitation when burglarized.  It had been rented complete with furniture so that it certainly was adapted for the overnight accommodation of persons.  The record is silent as to any utilities.  This house was not shown to be a new one which had never been lived in, but one of several houses which Clark "rented periodically."  Clark thought that the tenant Poland had moved some things into the house and after the burglary asked him if "he had anything missing."  Poland's answer was struck from the record on appellant's objection.

The evidence is sufficient to sustain the conviction.

In his third ground, appellant contends that the State committed reversible error in commenting on the failure of appellant to testify.

In his brief, appellant directs our attention to the following remark of the prosecuting attorney made after summarizing the State's evidence in closing his opening jury argument, together with appellant's objection and the court's ruling:

"Now that's the undisputed evidence in this case.

"MR. BANNER [Defense Counsel]: Your Honor, I object to the continual reference by the district attorney on undisputed evidence as a comment on the Defendant's failure to testify.

"THE COURT: Overrule the objection.

"MR. WORTHY [State]: The undisputed evidence shows just one thing, that is that Billy Hargett is in fact guilty of burglary, for which he is charged in this case before you today."

■ A statement that the evidence is uncontroverted is not a comment upon appellant's failure to testify where the record indicates a person other than the defendant could have offered contradictory evidence. *Nowlin v. State*, Tex.Cr.App., 507 S.W.2d 534; *Bolden v. State*, Tex.Cr.App., 504 S.W.2d 418; *Curlin v. State*, Tex.Cr.App., 500 S.W.2d 141.

In *Gorman v. State*, Tex.Cr.App., 480 S.W.2d 188, the prosecutrix testified that she was raped by the defendant and his companion, Fowler, who was also under indictment for the offense.  Defendant did not testify.  In holding as no reversible error the prosecutor's remark to the jury: "The testimony we have brought to you today is credible.  Nobody has refuted it,"

we said: "Fowler, appellant's companion, could have testified concerning the prosecutrix' acquiescence and, therefore, the prosecutor's remarks, though questionable, were not improper."

▪ The record reflects that on the night of the burglary police officers on patrol noticed a Pontiac car and a pick-up truck removing furniture from the house involved. After contacting Len Clark, and learning that he knew nothing of the removal of the furniture, the officers stopped the Pontiac after it had left the house with a load of furniture and arrested the driver, Doris Hargett,[1] and her fifteen year old companion Val Jean James. As a result of a conversation with Doris Hargett, the officers went to a house where they found appellant, his pick-up truck, and some of the stolen furniture. He later confessed to the burglary. He did not testify before the jury, and placed no witnesses on the stand.

As in *Gorman v. State*, supra, either Doris Hargett or Val Jean James could have testified concerning the facts relevant to the burglary, and therefore "the prosecutor's remarks, though questionable, were not improper."

See also *Manning v. State*, Tex.Cr.App., 393 S.W.2d 910.

The ground of error is overruled.

▪ Appellant's fourth ground of error reads:

"The Trial Court committed reversible error in excluding evidence that the witness Doris Jean James Hargett had been No Billed by the Dallas County Grand Jury, as said evidence was beneficial to the Appellant tending to establish that one of the promises allegedly made to Appellant in her behalf was in fact kept and that the confession was extracted by such promises and persuasion."

Appellant argues that he wanted to prove that Doris Jean James Hargett was nobilled by the same grand jury that indicted him to prove that the officer taking the confession kept his promise that she would not be indicted if he confessed. She did not testify in the trial. Appellant did not testify before the jury, and there was no evidence introduced before the jury of any promise made to appellant as an inducement to secure his confession. The officer taking the confession definitely denied on cross-examination of making any such promises.

The fact that Doris Jean James Hargett was not indicted was not admissible on the issue of appellant's guilt. See *Adams v. State*, Tex.Cr.App., 531 S.W.2d 626; *Walker v. State*, Tex.Cr.App., 530 S.W.2d 572. There being no fact issue present of any promises made to appellant if she was not indicted, the contention is without merit.

▪ By separate ground of error, appellant asserts that he was denied the effective assistance of counsel by virtue of a conflict of interest in the joint representation of appellant and Doris Jean James Hargett, hereafter called Doris Hargett, by the same retained counsel.

On the day this case went to trial, a hearing was conducted before the court on appellant's motion to suppress his confession. After the officer taking the confession and appellant testified, appellant's employed attorney filed a motion for a continuance until after a hearing on a motion to revoke the parole of Doris Hargett so that she could testify freely on appellant's motion to suppress and at his trial. The motion sworn to by appellant and his counsel alleged a conflict of interest as follows:

"If Tim K. Banner calls Doris J. Hargett to testify in the hearing to suppress the confession, and if she incriminates herself, he will be guilty of ineffective assist-

---

1. The evidence before the jury is not definite as to whether Doris Hargett was the wife of

appellant. The officers were not sure whether she was or was not his wife.

ance of counsel to Doris Hargett. If Tim K. Banner fails to call Doris Hargett because of the conflict, he will be guilty of ineffective assistance of counsel to Billy Hargett."

Attached to the motion is an affidavit of Tim K. Banner, attorney for appellant, stating what he expected Doris Hargett would testify if placed on the stand. However, counsel expressly declined to present this affidavit to the court at the hearing. Instead of doing so, counsel stated he, as her lawyer, would advise her not to testify, but "to take the Fifth Amendment."

On appeal, appellant does not contend the court erred in overruling his motion for continuance. His sole complaint is that he was denied effective representation of counsel due to a conflict of interest of retained counsel.

The record fails to reflect that appellant was denied anything in the way of legal counsel. He had retained counsel of his choice and knew that his attorney also represented Doris Hargett. He declined to join in the State's suggestion that the trial court appoint a lawyer to advise Doris Hargett on her rights and determine if she wished to testify. There is no showing that appellant was not fully apprised of the potential risks inherent in his retained counsel's dual representation. He continued to employ Tim K. Banner as his trial lawyer. There is no showing, in short, that retained counsel breached his legal duty to appellant. See *Pete v. State,* Tex.Cr.App., 533 S.W.2d 808 (1976); Ex parte Hill, Tex.Cr.App., 528 S.W.2d 259; Ex parte Railey, Tex.Cr.App., 528 S.W.2d 257.

The record fails to reflect any conflict of interest on the part of retained counsel that was prejudicial to appellant, and the record fails to reflect that appellant was not fully advised of the risk of any conflict of interest that may have arisen. See *Pete v. State,* supra; *Stutes v. State,* Tex.Cr.App., 530 S.W.2d 309.

The ground of error is overruled.

We have considered appellant's pro se brief and find it to be without merit.

The judgment is affirmed.

Opinion approved by the Court.