552 S.W.2d 952 (1977)
A. E. M., Appellant,
v.
The STATE of Texas, Appellee.
No. 15831.
Court of Civil Appeals of Texas., San Antonio.
June 15, 1977.
*953 Rudolph Georges, Hope, Henderson, Hohman & Georges, San Antonio, for appellant.
Bill M. White, Crim. Dist. Atty., Gerald R. Zwernemann, Michael P. Peden, Irene Canoles-Janssen, Asst. Crim. Dist. Attys., San Antonio, for appellee.
CADENA, Justice.
Appellant seeks reversal of the judgment of the trial court declaring him a delinquent child. His principal complaint is based on the fact that under the court's charge to the jury the jury was permitted to, and in fact did, base its finding that he had engaged in delinquent conduct on an offense not alleged in the State's petition.
The State's petition charged that appellant committed the offense of aggravated rape as defined in § 21.03, Tex.Penal Code Ann. (1974).
The trial court's charge defined the offenses of rape, aggravated rape, assault, and aggravated assault. Appellant has no complaint concerning the portion of the charge permitting the jury to find that he engaged in delinquent conduct if they found beyond a reasonable doubt that he committed the offense of aggravated rape, nor does he challenge the abstract correctness of the various definitions embodied in the charge.
Appellant's challenge is directed to paragraphs VI and VII of the charge. Paragraph VI instructed the jury that if they believed beyond a reasonable doubt that appellant committed the offense of rape, but had a reasonable doubt concerning the existence of facts necessary to make the offense aggravated rape, then they could not find that appellant committed the offense of aggravated rape, but they must find that he committed the lesser offense of rape and that he therefore engaged in delinquent conduct.
Paragraph VII instructed the jury that if they found beyond a reasonable doubt that appellant committed the offense of aggravated assault, but had a reasonable doubt concerning the fact of sexual intercourse, they could not find appellant guilty of aggravated rape, but must find he committed the lesser offense of aggravated assault and that he had engaged in delinquent conduct.[1]
Appellant properly excepted to the charge on the grounds that it permitted the jury to base its finding of delinquency on the basis of commission by appellant of an *954 offense other than that alleged in the State's petition.
Appellant's three points of error are as follows:
(1) It was error for the trial court to instruct the jury that they could find that he engaged in delinquent conduct if they found that he had committed rape or aggravated assault, since the commission of these offenses was not alleged in the petition.
(2) The submission of the instructions concerning rape and aggravated assault was error, since the trial court failed to explain to appellant and his parents that those issues were raised by the State's allegations, if, in fact, the allegations in the State's petition were sufficient to permit a finding of delinquency based on the commission of such lesser offenses.
(3) Since appellant was not given timely notice of the fact that he was charged with the commission of the offenses of rape and aggravated assault, a charge permitting a finding of delinquency to be based on a finding that appellant committed either of those two offenses denied appellant due process of law.
§ 21.03 of the Penal Code defines the offense of aggravated rape as the commission of rape, as defined in § 21.02, if the person committing such rape (1) causes serious bodily injury or attempts to cause death to the victim in the course of the same criminal episode; or (2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone. Under § 21.02 of the Penal Code, a person is guilty of rape if he has sexual intercourse with a female not his wife without her consent. An assault is defined by § 22.01 as the intentional, knowing, or reckless causing of bodily injury to another; or the intentional or knowing threatening of another with imminent bodily injury; or the intentional or knowing causation of physical contact with another when he knows or should reasonably believe that the other will resent the contact as offensive or provocative. Under § 22.02 of the Penal Code, the assault is aggravated if the assailant causes serious bodily injury to another.
The State's pleading alleged that appellant knowingly and intentionally, by force and threats, had sexual intercourse with a female not his wife. Under § 21.02(b)(1) and (2), the allegation of the use of force and threats is sufficient to allege that the intercourse was without the female's consent, so that the pleading alleges commission of the offense of what is sometimes called "ordinary" rape as distinguished from aggravated rape. The pleading continues by reciting that appellant compelled the female to submit to the act of sexual intercourse by "causing serious bodily injury and by threatening the imminent infliction of death; ...." These allegations clearly charge the offense of aggravated rape as that crime is defined by § 21.03 of the Penal Code. The allegation concerning the causing of serious bodily injury adequately alleges the commission of the offense of aggravated assault.
The pleadings, therefore, clearly allege, albeit in one sentence, all of the elements of aggravated assault, rape and aggravated rape. It follows that the portions of the charge relating to these three offenses find support in the pleadings.[2]
The Texas Family Code requires that at the beginning of an adjudication hearing, the judge "shall explain to the child and his parent, guardian, or guardian ad litem: (1) the allegations made against the child; (2) the nature and possible consequences of the proceedings; ...." Tex. Family Code Ann. § 54.03(b) (1974). Appellant contends that there was a lack of compliance with this requirement because the judge did not explain that he was accused of having committed rape or aggravated assault.
*955 A child may not be declared to have engaged in delinquent conduct absent compliance with the requirements of § 54.03(b)(1) and (2) of the Family Code. D. L. E. v. State, 531 S.W.2d 196 (Tex.Civ.App. Eastland 1973, no writ). Cf. In re K. W. S., 521 S.W.2d 890 (Tex.Civ.App.Beaumont 1975, no writ); R. K. M. v. State, 520 S.W.2d 878 (Tex.Civ.App.San Antonio 1975, no writ).
The pertinent portion of the juvenile court's "explanation" under § 54.02 is as follows:
The Court: ... You're here with your attorney too, Mr. Georges, who I am sure has explained to you the contents of the State's First Amended Petition that alleges you're guilty of the offense of Aggravated Rape. Have you discussed that charge with the attorney Mr. Georges?
[Appellant]: Yes, sir.
The Court: Has he explained to you what your rights are?
[Appellant]: (Nods in the affirmative).
The court, in fact, "explained" nothing to appellant. The explanation is essentially an inquiry as to whether appellant's attorney had "explained" the allegations to appellant. The court made no effort to explain the meaning of the term, "aggravated rape." The court did not explain that, under the allegation of aggravated rape, he could also be found guilty of rape or aggravated assault.
To "explain" is to make something plain. It is difficult to conclude that a statement of an assumption by the court that the required explanation has been given by someone else, followed by a question asking whether appellant had discussed the "contents" of the State's pleading with appellant, made anything plain to anyone. The court did not tell appellant that he could be found to have engaged in delinquent conduct if the jury found that he had committed the offense of aggravated rape, or the offense of rape, or the offense of aggravated assault.
Unless we attribute to this 15-year-old boy a knowledge of the constituent elements of aggravated rape, rape, and aggravated assault, and a knowledge of the fact that the language which charges aggravated rape is also necessarily sufficient to charge rape, and the further knowledge that, sometimes, the language which charges aggravated rape is also sufficient to charge aggravated assault,[3] it cannot seriously be argued that the court made anything plain to appellant other than the fact that the court was confident that the necessary explanations had been given by some other person.
Since we have concluded that the requirements of § 54.03 of the Family Code were not observed, it becomes unnecessary to consider appellant's due process contentions.
The judgment of the trial court is reversed and the cause is remanded for further proceedings.
NOTES
[1] The summary of paragraphs VI and VII set out in this opinion does not reflect the fact that the charge was couched in more elaborate form which correctly placed the burden of proof and gave to appellant the full benefit of the rule of reasonable doubt. The summary of the charge in this opinion is, perhaps, subject to objections not applicable to the actual charge delivered to the jury.
[2] We need not engage in speculation concerning the nature of a juvenile delinquency proceeding. If we view it as civil in character, the charge was correct under our rules of civil procedure. If it is considered a criminal proceeding, the charge correctly embodied instructions concerning rape and aggravated assault under the doctrine of lesser included offenses. § 37.09, Tex.Penal Code Ann. (1974).
[3] Under § 21.03(a)(2) of the Penal Code, the rape is aggravated if submission is compelled by threat of death, serious bodily injury or kidnapping. A threat of kidnapping would not necessarily be a threat of serious bodily injury and, therefore, compulsion of submission by threat of kidnapping would not necessarily constitute aggravated assault.