**Earnest MOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54392.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 3, 1978.

On Rehearing Nov. 15, 1978.

---

John C. Hendrik, Dallas, court appointed, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, Dale G. Markland and Reed W. Prospere, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary of a habitation; punishment is imprisonment for 5 years.

Appellant contends that the evidence is insufficient to sustain the conviction because it was not proved that he had the intent to commit theft at the time he entered the house in which he was found, nor was it proved that the house was a habitation within the statutory definition.

Appellant was arrested at night hiding behind a mattress and box springs which

were leaning against a wall of the front room of an unoccupied house in Dallas. He had entered the house without the effective consent of the owner. The back door to the house was open, and a window had been pried open and a knife inserted in the window frame so that it could .not be opened further. Appellant testified that he did not intend to commit theft at the time he entered the house, but he entered the house to hide from police officers, because he knew there was a warrant out for his arrest for failure to report to his probation officer.

Several food stamps were found on appellant when he was arrested, and others were found near him in the same room. A witness who had stored furniture in the house testified that she had lost some food stamps earlier in the day. Appellant and two other witnesses testified that he had been given food stamps and was en route to a grocery store shortly before he was arrested.

 It is presumed that an entry made without consent in the nighttime is made with the intent to commit theft. *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App.1976); *Williams v. State,* 506 S.W.2d 868 (Tex.Cr.App.1974); *Clayton v. State,* 493 S.W.2d 526 (Tex.Cr.App.1973). Appellant argues that his testimony as to why he entered the house rebutted this presumption. We do not agree. The jury was able to infer from the circumstances of the offense that appellant entered the house with the intent to commit theft. See *Williams v. State,* 537 S.W.2d 936 (Tex.Cr.App.1976); *Hawkins v. State,* 467 S.W.2d 465 (Tex.Cr.App.1971). Appellant cannot successfully complain on appeal that a disputed fact issue was resolved against him.

Appellant also contends that the State failed to prove that the house in question was a habitation within the statutory definition. V.T.C.A. Penal Code, Sec. 30.01, provides, in pertinent part, as follows:

"(1) 'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:

"(A) each separately secured or occupied portion of the structure or vehicle; and

"(B) each structure appurtenant to or connected with the structure or vehicle."

We have construed this provision to mean that "the structure or vehicle alleged to be a habitation must at the time of the alleged offense have been actually 'adapted for the overnight accommodation of persons' or at least at some prior time used for the overnight accommodation of persons and still 'adapted for the overnight accommodation of persons.'" *Jones v. State,* 532 S.W.2d 596 (Tex.Cr.App.1976).

In *Jones v. State,* supra, we concluded that the State failed to prove that the building in question was a habitation; in *Hargett v. State,* 534 S.W.2d 909 (Tex.Cr.App.1976), we held that the evidence was sufficient to sustain a conviction for burglary of a habitation. Since the resolution of this issue depends on whether the structure in question was "adapted for the overnight accommodation of persons," we shall compare the facts in *Jones* and *Hargett* to those in the instant case.

*Jones* involved a new house, the construction of which was completed; a contract of sale had been entered into, but possession had not changed hands. No one was living in the house or had lived there, and there was no furniture or refrigerator in the house. There was a water connection and light fixtures, but there may not have been "power."

The house in *Hargett* was one which was rented periodically; it had been rented in the past and was rented at the time of the offense, although the new tenants had not yet moved in. The house was completely furnished and ready for occupancy. There was no evidence that any utilities had been connected.

The instant case involves a house which had been rented in the past, most recently some two months prior to the date of the offense. Cathy Taylor, who had care, custody, and control of the house, testified that she intended to rent it in the future. She also testified that the electricity "wasn't supposed to be off," but there were no light

bulbs in the house; the water was turned off. Other than "an old dresser" that was across the front door, the only furniture contained in the house was that belonging to Taylor's goddaughter. Her belongings included the mattress and box springs behind which appellant was found hiding, a bed, dining room set, stove, and gas heaters. These items had been stored in the house on the day of the offense, and Taylor planned to let them remain there "for awhile." The stove and heaters were not connected. Taylor testified that her belongings were in the house for storage only, and that in order to rent the house she would have had to move them out and install other furniture and appliances.

The facts of the case at bar are more similar to *Jones* than *Hargett.* Although the house involved here had been rented in the past, as had the one in *Hargett,* the evidence shows that it was not "*still* 'adapted for the overnight accommodation of persons.'" (Emphasis added.) *Jones v. State,* supra. While this conviction cannot be sustained as a burglary of a habitation, which is the first degree felony (V.T.C.A. Penal Code, Sec. 30.02(d)(1)), the evidence is sufficient to sustain a conviction for burglary of a building, which is a second degree felony (V.T.C.A. Penal Code, Sec. 30.02(c)), and which is a lesser included offense of the offense of burglary of a habitation. *Jones v. State,* supra. Since the penalty assessed, imprisonment for five years, is within the range of punishment for both a first degree felony, (V.T.C.A. Penal Code, Sec. 12.32) and a second degree felony (V.T.C.A. Penal Code, Sec. 12.33), the conviction can be affirmed as one for burglary of a building, with the judgment and sentence reformed accordingly. *Jones v. State,* supra.

As reformed, the judgment is affirmed.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

DALLY, Judge.

The appellant in his motion for rehearing urges that we have misapplied the rule in *Jones v. State,* 532 S.W.2d 596 (Tex.Cr.App. 1976) because Jones' punishment was assessed by the court and the appellant's punishment was assessed by a jury. This case cannot be distinguished from *Jones v. State,* supra, on that basis. In both cases the convictions were for burglary of a residence but this Court has found in both cases that the evidence only supports the lesser included offense of burglary of a building for which the range of punishment is less. If here we improperly assumed that the same jury would assess the same punishment for burglary of a building as it assessed for burglary of a residence, then in *Jones v. State,* supra, this Court improperly assumed that the trial judge would have assessed the same punishment for burglary of a building as he assessed for burglary of a residence.

We have now concluded that we were incorrect in both cases. It is not proper for this Court to speculate on what punishment would have been assessed by either the jury or the judge. This Court by doing so determined the punishment; we were not authorized to determine the punishment in either case. In *Jones v. State,* 532 S.W.2d 596 (Tex.Cr.App.1976) we should have remanded the cause for the trial court to reassess punishment and to that extent we overrule our decision in that case.

We agree with the dissent that the Supreme Court opinions of *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) and *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) prevent the retrial of the appellant for the offense of burglary of a residence. However, there is nothing in these opinions which would prevent retrial for the offense of burglary of a building. We hold that the appellant may be retried for the offense of burglary of a building.

The appellant's motion is granted and the judgment is reversed and the cause is remanded.

ONION, Presiding Judge, dissenting.

In *Jones v. State,* 532 S.W.2d 596 (Tex.Cr. App.1976), this court held:

"In the instant case, while the conviction cannot be sustained as a burglary of a habitation under the facts proved, the proof is sufficient to sustain a conviction for burglary of a building. *Since the penalty was assessed by the trial judge,* and since the punishment was ten (10) years, which falls both within the range of punishment for both a first degree felony and a second degree felony, the conviction can be affirmed as a conviction for burglary of a building with the judgment and sentence reformed accordingly." (Citations omitted.) (Emphasis added.)

In our opinion on original submission in the instant case, we extended *Jones* to a similar fact situation where the jury, however, had assessed the punishment.

Now on rehearing the majority decides it is improper to speculate on what punishment would have been assessed by either the jury or the judge and to reform and affirm the conviction as a conviction of a lesser included offense with punishment remaining the same. The majority concludes that the instant case cannot be disinguished on the fact that the judge assessed punishment in *Jones* and the jury did so in the instant case. I do not agree. Nevertheless, there are important considerations this court should undertake if *Jones* is to be overruled.

It is observed that the majority simply reverses and remands the case based on the insufficiency of the evidence to sustain the jury's verdict that appellant was guilty of burglary of a habitation as charged in the indictment.

In *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, the United States Supreme Court by opinion on June 14, 1978, held that the "Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient to sustain the verdict." In *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the United States Supreme Court granted certiorari to decide whether a state may retry a defendant after conviction has been reversed by an appellate court on the ground that the evidence introduced at the prior trial was insufficient, as a matter of law, to sustain the jury's verdict. In *Greene v. Massey,* supra, the Court wrote:

"Since the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings, *Benton v. Maryland,* supra [395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)], we are bound to apply the standard announced in *Burks* to the case now under review."

Thus, it can be seen that upon remand the appellant cannot be retried for the offense of burglary of a habitation. The question still remaining is whether there being sufficient evidence to sustain a conviction for burglary of a building, may the appellant be retried for this lesser included offense? In its decision in *Greene v. Massey,* supra, the Court left this question open and did not decide it (see footnote # 7). Before this case is remanded, that decision should be made with reasoning, but the majority declines to reason.

For the reasons stated, I dissent.

PHILLIPS and W. C. DAVIS, JJ., join in this dissent.