602 S.W.2d 397 (1980)
W.J.M.A., Appellant,
v.
The STATE of Texas, Appellee.
No. 8528.
Court of Civil Appeals of Texas, Beaumont.
July 3, 1980.
Rehearing Denied July 24, 1980.
*398 Richard D. Hughes, Nederland, for appellant.
James McGrath, Dist. Atty., Gaylynn Leon Cooper, Asst. Dist. Atty., for appellee.
KEITH, Justice.
This is an appeal from an order of the District Court of Jefferson County, Texas, sitting as a juvenile court, declaring that appellant engaged in delinquent conduct and committing appellant to the custody of the Texas Youth Council.
It was charged that appellant committed theft by obtaining and exercising control over property without the owner's effective consent. Tex. Penal Code Ann. § 31.03 (b)(1) (Supp. 1980). It was alleged that the value of the stolen property was more than $20 but less than $200 so that if appellant had been charged as an adult, the crime would have been a Class A misdemeanor. Tex. Penal Code Ann. § 31.03 (d)(3) (Supp. 1980), the punishment for which (as an adult) would have been a fine not to exceed $2,000, confinement in jail not to exceed one year, or both such fine and imprisonment. Tex. Penal Code Ann. § 12.21 (1974).
The cause was tried to a jury upon a broad charge of theft including a charge on circumstantial evidence. We do not find that any objections to the charge were lodged in the trial court. The jury returned a verdict finding that appellant had engaged in delinquent conduct. The adjudication order contained the boilerplate findings required in Tex. Family Code Ann. § 54.04 (1975), and appellant was committed to the Texas Youth Council.
The appeal is predicated upon four points of error but we do not reach all complaints since we find error is presented by the first point reading:
"The juvenile court erred in failing to comply strictly with Tex. Fam. Code Ann. § 54.03(b) which requires that the juvenile be fully warned by the judge of the allegations made, the consequences of trial, and the privilege against self-incrimination."
*399 We quote in the margin the statutory provisions requiring the explanation by the trial judge[1] and now turn to a factual consideration of the complaint. This series of questions and responses constitutes the complete "explanation" given to the juvenile:
"THE COURT: The Court would like to explain to the minor child as well as his mother who, as I understand it, is his guardian, do both the child and the mother fully understand all the allegations made against the child? Have you had a chance to fully explain them to the mother, [counsel for minor]?
"COUNSEL FOR MINOR: Yes, sir, your Honor.
"THE COURT: The nature and possible consequence of these proceedings, may I state the possible consequences are subject to the finding of the Jury, his custody could be remitted over to the Texas Youth Council. Is that correct, is there any objection to that, [counsel for minor]?
"COUNSEL FOR STATE: I think that is the law, your Honor.
"THE COURT: Young Mr. Marks has a privilege against self-incrimination. Does he understand fully that he does not have to take the stand?
"COUNSEL FOR MINOR: He does not have to, but he will, your Honor.
"THE COURT: Oh, I didn't know that. The young man has a right to trial and he has a right to be confronted by witnesses. Have you explained that to him?
"COUNSEL FOR MINOR: I have explained that all about a trial, yes.
"THE COURT: He will be given a trial, and the witnesses will confront him and be present in court.
"COUNSEL FOR STATE: Yes, sir, your Honor.
"THE COURT: The child has a right to be represented by an Attorney, and I assume you are his attorney by his own selection and that of his mother.
"COUNSEL FOR MINOR: That is correct, your Honor.
"THE COURT: Thank you. The child has a right to a trial by Jury, and the Jury has been seated. Anything further?
"COUNSEL FOR STATE: No, sir, your Honor.
"COUNSEL FOR MINOR: I have nothing, your Honor.
"THE COURT: All right. Are you ready to call your first witness?"
It is to be noted that in the lengthy "explanation" the Court did not address any of the statements to the minor defendant; on the contrary, such questions as were propounded were addressed to counsel, the child making no answers. Additionally, and of even more serious nature, the offense was never mentioned nor did the court even hint at the necessary elements of the crime of theft or seek to ascertain if the minor defendant had any knowledge of what constituted theft as defined in the code provisions noted earlier.
The statute plainly requires that the explanation be given to the child and the duty has been held to be mandatory. See Matter of N.S.D., 555 S.W.2d 807, 808 (Tex. Civ. App.El Paso 1977, no writ). Accord: A.E.M. v. State, 552 S.W.2d 952, 955 (Tex. Civ. App.San Antonio 1977, no writ); D.L.E. v. State, 531 S.W.2d 196, 197 (Tex. Civ. App.Eastland 1975, no writ).
The language used by Justice Cadena in A.E.M., supra, is applicable here.
"The court, in fact, `explained' nothing to appellant. The explanation is essentially an inquiry as to whether appellant's attorney had `explained' the allegations to appellant."
We note, in passing, that in A.E.M. the trial court did mention the offense charged against the minor; here there was no mention of even the name of the offense or how it could be committed in law.
*400 The statute under consideration [Family Code § 54.03(b)] used the mandatory word "shall" in speaking of the explanation. We say, as did Justice Klingeman in R.K.M. v. State, 520 S.W.2d 878, 880 (Tex. Civ. App.San Antonio 1975, no writ), in construing the word "must":
"We are not inclined to hold that the word `must' as used in the statute means `perhaps,' `maybe,' `sometime,' or `substantially.' It is an easy matter to track the language of the statute and to do so would not work a hardship on anyone."
State's counsel makes no defense of the "explanation" given by the trial judge as noted earlier. Instead, it contends that at an arraignment on November 8, 1979, another judge did make an explanation. We note that the trial of this cause commenced on February 13, 1980, more than three months after the arraignment.
Assuming, arguendo, the adequacy of the original explanation made at the arraignment (of which we have grave doubt), we are unwilling to hold that such an explanation to a child long before the commencement of the adjudication hearing is a compliance with the mandatory statute. State's counsel cites no authority in support of the contention now advanced and we have found none in our independent research.
We sustain appellant's first point of error, thus requiring a reversal of the cause.
Appellant challenges the legal and factual sufficiency of the evidence to support the finding that he committed the offense of theft as charged in the petition. The thrust of the complaint is that the person from whom the property was alleged to have been stolen was neither the "true owner" nor the "special owner" of the property. See Tex. Penal Code Ann. §§ 1.07(a)(24) and (28) (1974), as interpreted in McGee v. State, 572 S.W.2d 723, 724-725 (Tex. Cr. App. 1978). We find no merit to the contention and it is overruled.
The judgment of the trial court is reversed and the cause is remanded. A copy of the mandate of this Court shall be furnished to the Texas Youth Council.
REVERSED and REMANDED.
CLAYTON, J., not participating.
NOTES
[1] § 54.03(b): "At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;
(2) the nature and possible consequences of the proceedings;
. . . . ."