**Jeffery Delma TROTTER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–010–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 28, 1981.

George R. Trimber, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and William Kane, Jr., Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

Appellant was found guilty by a jury of the offense of burglary of a habitation under V.T.C.A., Penal Code § 30.02 and was sentenced by the court to fifteen years in the Texas Department of Corrections. By his sole ground of error appellant complains that there was insufficient evidence before the jury to support a conviction for burglary of a habitation.

We affirm the judgment of the trial court.

V.T.C.A., Penal Code § 30.01 defines "habitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons,..." The question is whether the evidence established that the structure in question was "adapted for overnight accommodation of persons" in the words of the statute. Our review of the record convinces us that it did.

The structure burglarized was a large mobile home, owned by one Melody Lynch and her husband. This mobile home had been purchased by Mr. and Mrs. Lynch in

January of 1978 but at the time of the burglary on July 9, 1978, they had not yet moved into the mobile home. The mobile home had, however, been occupied by the former owners. The Lynch's were, at the time of the burglary, living in Mrs. Lynch's mother's home on the same property on which the mobile home was located. The mobile home did have electricity and water utilities available, although the sewage line had not yet been connected.

According to the testimony of Mrs. Lynch she and her husband had all of their furniture, including a bed, couch, living room suite, love seat, two rocking chairs, end tables, two bedroom suites, a baby bed, two dressers, two chests and a stereo, in the mobile home. They also had all of their dishes and other belongings there. There were locks on the doors of the home. Mrs. Lynch also testified that she and her husband bought it to have a place to live in.

Our conclusion that the evidence in this case does meet the definition of habitation in V.T.C.A., Penal Code § 30.01, that a habitation is a structure or vehicle that is adapted for the overnight accommodation of persons is supported by *Hargett v. State*, 534 S.W.2d 909, (Tex.Crim.App.1976). The fact situation in Hargett is very similar to the one here. The two cases of *Jones v. State*, 532 S.W.2d 596, (Tex.Crim.App.1976) and *Moss v. State*, 574 S.W.2d 542, (Tex. Crim.App.1978), cited by appellant in support of his "insufficient evidence" ground of error, involve entirely different fact situations and are not in point. Our fact situation presents an even stronger case for a finding of "habitation" than does the fact situation in Hargett.

No error is shown. The judgment is affirmed.