**In the Matter of A.N., a Child, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–83–00351–CV.

Court of Appeals of Texas, San Antonio.

Dec. 19, 1984.

## OPINION

REEVES, Justice.

This is an appeal from an order of the juvenile court of Jim Wells County, Texas, finding that appellant engaged in delinquent conduct and placing him on probation.

The petition for adjudication of delinquent conduct on the part of appellant alleged a violation of TEX.PENAL CODE ANN. art. 30.02 (Vernon 1974), to wit, without consent of the owner A.N. entered a habitation with intent to commit theft. The court found the State had failed to prove all of the elements necessary to establish burglary of a habitation, but did find that the appellant committed a criminal trespass of a habitation.[1] Appellant was placed on probation.

■ Appellant raises four points of error. The first point of error complains of the finding of the court that appellant engaged in delinquent conduct by commission of a lesser included offense when that allegation was not set forth in the petition for adjudication. Appellant's second point of error contends that the petition for adjudication of delinquent conduct does not state with particularity the location of the habitation the appellant was accused of entering and the third and fourth points of error challenge the legal and factual sufficiency of the evidence.

The Texas Family Code requires that at the inception of the hearing the judge explain to the child the allegations made against him and the nature and possible consequences of the proceedings. TEX. FAM.CODE ANN. § 54.03(b)(1), (2) (Vernon 1975). We are unable to find in the record any explanation by the judge or anyone else, at the commencement of the proceeding or at any time during the pro-

Richard Terrell, Alice, for appellant.

Kenneth Oden, Jr., Perkins, Oden, Warburton, McNeill & Adami, Alice, for appellee.

Before CANTU, REEVES and TIJERINA, JJ.

1. The judgment found in the transcript also finds that the appellant violated TEX.PENAL CODE ANN. art. 30.02 (Vernon 1974) "in that he did then and there intentionally and knowingly, without the effective consent of Thelma Gerre-

ro, the owner thereof, enter a habitation with the intent to commit theft." We assume the judge inadvertently failed to *delete* this from the judgment that had been prepared prior to the court's decision.

ceeding, an explanation that appellant might be found to have engaged in delinquent conduct by committing a criminal trespass. We cannot attribute to this youth a knowledge of the criminal law that a criminal trespass is a lesser included offense of burglary of a habitation. *A.E.M. v. State*, 552 S.W.2d 952 (Tex.Civ.App.—San Antonio 1977, no writ). *Also see W.J. M.A. v. State*, 602 S.W.2d 397 (Tex.Civ.App.—Beaumont 1980, no writ). Appellant's point of error number one is affirmed.

Appellant challenges the legal and factual sufficiency of the evidence that appellant engaged in delinquent conduct in that there was no evidence or insufficient evidence that the entry into the house was forbidden or that it was established that the house entered was a place of habitation. We find no merit in these contentions. *See Hargett v. State*, 534 S.W.2d 909 (Tex.Crim.App. 1976) *and Day v. State*, 532 S.W.2d 302 (Tex.Crim.App.1975).

■ Lastly, appellant complains of deficiency in the original petition for adjudication of delinquent conduct in that the address of the habitation was not specifically set out in the pleading. Proceedings under Title 3 of the Texas Family Code are civil in nature to which the Texas Rules of Civil Procedure have application. TEX.FAM. CODE ANN. § 51.17 (Vernon 1975). If, on retrial of this cause, appellant specially excepts to the petition, the State should be required to allege in more particularity the location of the habitation.

This cause is reversed and remanded for trial pursuant to the instructions of this court.

CANTU, Justice, dissenting.

I do not agree that the majority's reliance upon *W.J.M.A. v. State*, 602 S.W.2d 397 (Tex.Civ.App.—Beaumont 1980, no writ) and *A.E.M. v. State*, 552 S.W.2d 952 (Tex.Civ.App.—San Antonio 1977, no writ) justifies a reversal of the instant case upon a contention not raised on appeal.

Appellant's pertinent contention advances the argument, plain and simple, that the juvenile court was without authority to enter a finding that the child had engaged in delinquent conduct by proof that he had committed a lesser included offense of that charged in the petition absent an allegation that the lesser included offense was also committed.

The complaint before this Court is in, the appellant's own words, "... the trial court had no authority to enter a judgment that was not based upon the pleadings and the judgment entered by the trial court is therefore void." Appellant's brief p. 8. Nowhere is there complaint that the juvenile court failed to comply with the requirements of TEX.FAM.CODE ANN. § 54.-03(b)(1), (2) (Vernon 1975). This is clearly so because the record affirmatively discloses just such compliance as is required. While it may be true that the juvenile court did not advise appellant that a possibility existed that he might be adjudicated a delinquent upon proof that he committed a lesser included offense of burglary of a habitation, still such is not the complaint before us. *A.E.M. v. State*, does not support the contention appellant brings to this court but is in fact contrary to it. It does support the majority's position insofar as the record in *that* case disclosed a total failure to comply with the requisites of TEX.FAM.CODE ANN. § 54.03(b). But the record in the instant case does not reflect total noncompliance.

Then Justice Cadena's elaboration of the trial court's failure to comply in *A.E.M. v. State, supra*, in my opinion, unnecessarily enlarged upon the duties devolving upon a juvenile court under Section 54.03(b) when he alluded to the court's failure to inform the juvenile of the possibility of an adjudication upon the showing of lesser offenses included within the charge. In my opinion that observation was unnecessary to the disposition and constitutes dictum.

Criminal trespass can be a lesser included offense of burglary of a habitation. *Roberson v. State*, 549 S.W.2d 749 (Tex.Crim.

App.1977) (*overruled on other grounds, Cole v. State*, 578 S.W.2d 127 [Tex.Crim. App.1979]); *Day v. State*, 532 S.W.2d 302 (Tex.Crim.App.1975).

Although a petition must set forth the ground relied upon by the State and the proof must conform to the allegation, *Cantu v. State*, 207 S.W.2d 901 (Tex.Civ.App.— San Antonio 1948, no writ) a petition setting forth allegations which contain the elements of the lesser offense as well as the elements of the greater offense charged necessarily will support an adjudication if the proof conforms to either the charged offense or to the elements constituting the lesser included offense. *Cf. Day v. State, supra.*

Appellant's sole authority is *In Re A.F.D.*, 628 S.W.2d 87 (Tex.App.—Beaumont 1981, no writ) which he cites for the proposition that a judgment not based on the pleadings is void. Such is not the rule announced in that case. The correct rule is that a judgment not based on *any* pleadings is void. The instant judgment is supported by pleadings containing all the elements comprising the offense found to have been violated.

I dissent to the disposition made upon a contention not raised and being convinced that the contention actually raised is without merit would overrule the point of error. I concur otherwise in the majority's disposition of appellant's remaining points of error although I find it unnecessary to comment on the validity of appellant's claim of deficiency in the petition.[1] In view of the discovery procedures available to a civil litigant I question the merit of such a claim of lack of notice, particularly when exceptions are lodged against the petition at the last minute.

I would affirm the judgment of the juvenile court.

---

1. The constitutional notice requirement in an accusatory pleading is the same in a criminal proceeding as in a juvenile proceeding. *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Since the argument that appellant raises would not have merit as a criminal contention, I doubt the validity of the same argument in a juvenile context. *See Santana v. State,* 658 S.W.2d 612 (Tex.Crim.App.1983).