**Elmer Dwayne BLANKENSHIP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–85–078–CR.**

Court of Appeals of Texas, Texarkana.

July 22, 1986.

Michael Lantrip, Pittsburg, for appellant.

Charles M. Cobb, Dist. Atty., Mount Pleasant, for appellee.

BLEIL, Justice.

Elmer Blankenship appeals his conviction for burglary of a habitation, Tex.Penal Code Ann. § 30.02 (Vernon 1974), contending that the evidence is insufficient to support a conviction since the State failed to prove that the structure in question was a habitation. We affirm the judgment of the trial court.

On the night of August 19, 1984, while Perry Weeks was returning to his father's house near Leesburg, Camp County, he passed another house owned by his family. The Weeks formerly rented this house but it was not rented at that time. When he passed the rental house, he saw a van, with its doors open, backed up to it. He went home and told his father, Jay Weeks, and then returned to the rental house, located about 300 yards from the family's home. When the van drove off, Perry Weeks followed it. He and the van's driver exchanged words when the van pulled into a wrecking yard; it then continued down Highway 11 with Weeks in pursuit until the police pulled it over. Later, items in the van were identified as being ones taken from the rental house.

The key issue before us is whether the rental house was a habitation pursuant to Tex.Penal Code Ann. § 30.01 (Vernon 1974). This statute defines a habitation as "a structure or vehicle that is adapted for the overnight accommodation of persons,...." Several cases discuss what is meant by this definition. In *Bazroux v. State*, 634 S.W.2d 919 (Tex.App.—Houston [1st Dist.] 1982, no pet.), the building had a fully equipped kitchen, electricity, and household furnishings. This was found to be a habitation. Similarly, in *Hargett v. State*, 534 S.W.2d 909 (Tex.Crim.App.1976), the structure involved a rental house which

had been rented, but the tenant had not yet moved in. This was also held to be a habitation.

On the other hand, in *Moss v. State*, 574 S.W.2d 542 (Tex.Crim.App.1978), the building had no water or light bulbs, the stove and heaters were not connected, and there was no furniture other than what was merely being stored. This was held not to be a habitation. In *Jones v. State*, 532 S.W.2d 596 (Tex.Crim.App.1976), the structure was essentially unfurnished and had no electricity. This was similarly held not to be a habitation.

Since the jury here found the rental house to be a habitation, we look at the evidence in the light most favorable to this finding. *Penagraph v. State*, 623 S.W.2d 341 (Tex. Crim.App.1981). Our review of the evidence reveals that the rental house had bedrooms, a kitchen, and a living room, and that it was wired for electricity and had a water connection. Jay Weeks testified that he had rented the house to tenants in the past and intended to do so in the future. He stated further, without objection, that the house was adapted for the overnight accommodation of persons.

While there is no evidence as to the specific furnishings which the house contained, we conclude that the jury had ample evidence from which to conclude that the rental house was a habitation. Additionally, we do not feel that whether a structure is a habitation should depend on how much or what kind of furniture a building contains, or by whether the utilities are connected. A finished structure designed for, built as, and intended as a place for people to live is logically a habitation. *Cf.* Black's Law Dictionary 640 (5th ed. 1979) (defining habitation as a place of abode, dwelling place, or residence). Any other reasoning leads inexorably to the conclusion that a warehouse with one well-furnished room for a night watchman is a habitation, while the residence of a family too poor to afford amenities like furniture and utilities is not.

Accordingly, since the evidence sufficiently supports the verdict, the trial court's judgment is affirmed.