In the Matter of K__. D__. R__., A Minor.

No. 12–92–00278–CV.

Court of Appeals of Texas,
Tyler.

Aug. 12, 1993.

R. Daryll Bennett, Longview, for appellant.

William D. Saban, Asst. County Atty., Henderson, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is an appeal from an order of adjudication in a juvenile proceeding. The juvenile court found that Appellant had engaged in delinquent conduct by committing two burglaries and by starting a fire in the New London School Library which totally destroyed the building. Appellant complains that the juvenile court did not properly admonish her before proceeding with the adjudication hearing. We will affirm the judgment.

Article 54.03(b) of the TEXAS FAMILY CODE requires the juvenile court judge to explain to the child at the beginning of the hearing as follows:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding.

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney, if he is not already represented, and

(6) the child's right to trial by jury.

TEX.FAM.CODE ANN. art. 54.03(b) (Vernon Supp.1993).

In her first point of error, Appellant contends that the juvenile judge failed to

admonish her as required by Article 54.03(b). Appellant is a ten-year-old girl, described by the State's psychologist as "intellectually ... low average to borderline." She specifically complains that the court failed to properly explain to her the allegations made against her in a way that she could comprehend. "Explain" means "to make something plain." *A.E.M. v. State*, 552 S.W.2d 952, 955 (Tex. Civ.App.—San Antonio 1977, no writ).

The juvenile judge read Appellant the allegations against her from the complaint and also explained their meaning in simple language. Five pages of the record are devoted to informing the child of the allegations against her. Although purposely not in the language of the statute, we conclude that the judge's admonishment was more than adequate to satisfy the requirements of the FAMILY CODE.

In her second point of error, Appellant maintains that "the trial judge erred by incorrectly advising the juvenile as to the meaning of 'reasonable doubt.'"

In the course of explaining to Appellant the burden of proof placed upon the State, the judge explained "reasonable doubt" as follows:

> **THE COURT:** That means not that it maybe happened, not that it probably happened, but that it's almost certain that it happened.

Appellant argues that although the judge was not obligated to explain reasonable doubt to her, once he undertook to do so, he should have used the definition used in *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Cr.App.1991).

The Court of Criminal Appeals adopted the *Geesa* definition as a mandatory instruction for jurors. *Id.* The juvenile had an attorney to counsel her. Jurors do not. As yet, there is no precedent requiring its use in admonishing criminal defendants or juveniles. The juvenile judge's definition better served to explain the concept to a ten-year-old of low average intellect than a recitation of the *Geesa* definition. Appellant's second point is overruled.

The judgment of the trial court is **affirmed.**