TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00330-CR






Armando Flores, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 43,988, HONORABLE RICK MORRIS, JUDGE PRESIDING







 In a trial before the court, appellant was found guilty of entering a building and
attempting to commit theft. Tex. Penal Code Ann. § 30.02(a)(3) (West 1994) (1). Punishment was
assessed at confinement for ten years, probated. Appellant challenges both the legal and factual
sufficiency of the evidence to support the conviction. We will reverse the trial court's judgment.

 The evidence is undisputed. Daniel Talasek, owner of the New York Pawn Shop
in Temple, was notified by the police around midnight on February 14, 1994, that someone had
tried to break into his business. Talasek had closed and locked the business earlier that evening. 
Temple police officer Timothy Holbrook found that a deadbolt lock had been chiseled out, leaving
a hole in the exterior portion of the pawn shop's metal door. A portion of the lock was forced
into the building and the metal inside the door had been pried back. The officer was unable to
say whether the "tool or any part of any person's body came through the entirety of the door." 
Appellant was found lying on his side outside the building near the door with a scratched tire tool
and a pillowcase under him. Following his arrest, appellant gave a written statement in which he
stated that he went to the back door of the pawn shop and "began trying to get the door open, but
could not get the door open."

 A person commits a burglary of a building when that person, without the effective
consent of the owner: (1) enters a building (or any portion of a building) not then open to the
public, with the intent to commit a felony or theft; (2) remains concealed, with the intent to
commit a felony or theft, in a building; or (3) enters a building and commits or attempts to commit
a felony or theft. See id. § 30.02(a).

 The indictment charged that appellant intentionally and knowingly entered "a
building not then and there open to the public without the effective consent of Daniel B. Talasek,
the owner, and therein attempted to commit and committed theft." It was undisputed at trial that
no theft was committed. It therefore became the State's burden to prove that appellant entered
the building without the effective consent of the owner and therein "attempted to commit theft."

 While appellant challenges the sufficiency of the evidence to prove both "entry"
and "attempt to commit theft," we only find it necessary to consider the latter essential element. 
Criminal attempt is defined as follows: "A person commits an offense if, with specific intent to
commit an offense, he does an act amounting to more than mere preparation that tends but fails
to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (West 1994). 
An attempt implies both an intent and an active effort to carry out and consummate the intent or
purpose. Dovalina v. State, 564 S.W.2d 378, 380 (Tex. Crim. App. 1978). "Attempt" is more
comprehensive than "intent," implying both a purpose and actual effort to carry that purpose into
execution. Cirul v. State, 200 S.W. 1088, 1089 (Tex. Crim. App. 1918). In any attempted
criminal offense, the sufficiency of the evidence must be determined on a case-by-case basis. 
Gibbons v. State, 634 S.W.2d 700, 707 (Tex. Crim. App. 1982). Conviction for an attempted
criminal offense does not require accomplishment of every act short of actual commission of the
offense. Id. at 706.

 The State cites Moss v. State, 574 S.W.2d 542 (Tex. Crim. App. 1978), for the
proposition that it is presumed that an entry made without consent is made with the intent to
commit theft. See id. at 544. However, the pivotal issue in this cause is not whether appellant
entered the building with intent to commit theft, but whether he attempted to commit theft after
entering. Prosecution under section 30.02(a)(3) is appropriate when the accused enters without
effective consent and, lacking intent to commit any crime upon his entry, subsequently forms that
intent and commits or attempts to commit a felony or theft. See Seth S. Searcy III & James R.
Patterson, Practice Commentary, Tex. Penal Code Ann. § 30.02 (West 1989). In DeVaughn v.
State, 749 S.W.2d 62 (Tex. Crim. App. 1988), the court held that "in prosecution for burglary
under section 30.02(a)(3) . . . alleging the attempt to commit theft and an actual completed theft,
the State must, upon request therefor through timely filed written motion to quash the indictment,
provide a description of the property allegedly stolen or attempted to be stolen, and also the name
of the owner, if known." Id. at 71.

 The issue in the instant cause is the sufficiency of the evidence rather than the
sufficiency of the pleading. Nevertheless, the State must, in spite of appellant's waiver of
pleading requirements, prove that after appellant's burglarious entry he attempted to steal
property. Therefore, under the holding in DeVaughn, in proving the element of attempted theft,
the State must prove that appellant had a specific intent to steal a particular article of property and
that the accused engaged in an act which amounted to more than mere preparation that tended to
accomplish his intent to steal that particular article of property. While appellant's possession of
a tire tool and pillowcase furnish probative evidence of intent, we find it insufficient to prove
attempt. A much closer question would be presented in the present cause had the prosecution
been for burglary with intent to commit theft, section 30.02(a)(1); however appellant was not
charged under that part of the statute.

 In reviewing the sufficiency of the evidence, we must determine whether after
reviewing the evidence in the light most favorable to the State, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Viewing
the evidence in the light most favorable to the State, we find that a rational trier of fact could not
have found that appellant had a specific intent to steal a particular article of property or that
appellant engaged in an act which amounted to more than mere preparation to accomplish his
intent to steal a particular article of property. We hold that the evidence is insufficient to prove
burglary of a building under section 30.02(a)(3), and appellant must be acquitted. (2) See Burks v.
United States, 437 U.S. 1, 18 (1978); Windham v. State, 638 S.W.2d 486, 487 (Tex. Crim. App.
1982).

 The judgment is reversed and reformed to reflect an acquittal.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Reversed and Reformed

Filed: May 17, 1995

Publish 










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This offense took place before September 1, 1994 and is governed by the law in effect at
the time the offense occurred. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex.
Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02, since amended). Because the code
amendments effective September 1, 1994 did not alter section 30.02, we cite the current code for
sake of convenience.
2.   Our disposition of the legal sufficiency of the evidence to support the conviction dispenses
with the necessity of considering appellant's challenge to the factual sufficiency of the evidence
to support the conviction.