Timothy Donald **BAZROUX, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0417–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 20, 1982.

Philip Bozzo, Jr., David T. Shannon, Houston, for appellant.

Alvin M. Titus, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

## OPINION

DUGGAN, Justice.

Appellant was convicted by a jury for the offense of burglary of a habitation with intent to commit rape; punishment was assessed by the jury at forty years confinement in the Texas Department of Corrections.

In the early afternoon of August 28, 1980, complainant had stopped by a friend's home in order to check and take care of the house during the friend's temporary absence. While complainant was at the house, appellant entered the house against complainant's will and threatened her with a knife. He cut the telephone cords throughout the house and ordered her to undress, but suddenly left the premises without committing any further acts. He presents six grounds of error.

By his first ground of error, appellant alleges insufficiency of the evidence to show that the structure in question was a "habitation." Section 30.02(a)(1) of the Texas Penal Code, V.T.C.A., defines "habitation," in pertinent part, as "a structure ... adapted for the overnight accomoda-

tion of persons...." As grounds for insufficiency, appellant urges that the owner was temporarily out of the country on a twenty-eight-day business tour, that the complainant did not reside there, that the only furniture or appliance shown in the evidence was a nightstand, bed and dresser, and that apparently the only operating utility was electricity. Appellant cites the case of *Jones v. State*, 532 S.W.2d 596 (Tex.Cr. App.1976), holding that the subject structure was not a habitation where it was a completed but vacant and unused house, without furniture and any utilities except running water. Appellant also cites *Moss v. State*, 574 S.W.2d 542 (Tex.Cr.App.1978), holding that the evidence was insufficient to show that a house was a habitation where the premises had been rented in the past but was unoccupied at the time of the burglary, and there were no light bulbs, the water was cut off, appliances were not hooked up, and most of the furniture was present for storage only.

However, three photograph exhibits of the home in the instant case reflect a completely equipped kitchen, and testimony established that there were other furnishings, telephones in the kitchen and bedroom, and electricity. This case more closely parallels the decision of *Hargett v. State*, 534 S.W.2d 909 (Tex.Cr.App.1976), where a completely furnished house, ready for leasing but as of yet unrented, was held to be a habitation. Nothing in the record indicates that the premises was in a condition other than one of suitability for the owner's resumption of normal life upon his return from the periodic travel required in his employment. Appellant's first ground of error is overruled.

■ Appellant's second ground of error alleges error in the admission of evidence of an extraneous offense. Appellant's wife testified on direct examination as a defense witness at the punishment hearing, in an effort to minimize the impact of appellant's prior criminal record. She testified that appellant was a kind, hardworking, non-violent person, who had been arrested earlier and charged with possession of a prohibited weapon which, unknown to him, was behind the seat of his uncle's automobile that he was driving. She further testified, without objection from the State, that she was with him at the time of his arrest for carrying the prohibited weapon. During her cross-examination testimony, the following transpired:

Q. Do you remember why the police were stopping those type of vehicles?

A. Because of problems they were having in Bridge City.

Q. Do you know why they were stopping those vehicles?

A. Because they had said there was a robbery or something in Bridge City.

Q. Someone driving a vehicle similar to that was involved in a robbery where a gun was used, correct?

A. Yes, sir.

Q. Do you remember that?

A. Yes, sir.

Q. And they stopped El Caminos that fit the description of a vehicle used in a robbery in Bridge City and your husband was stopped and he had a pistol but no robbery was ever filed on him for some reason, is that correct?

MR. SCARDINO: Objection.

THE COURT: She may answer if she knows.

Q. He was never filed on for robbery?

A. No.

Appellant's general objection was not sufficient to preserve error. *Carr v. State*, 600 S.W.2d 816 (Tex.Cr.App.1980). The cross-examination of appellant's wife was a permissible attempt to explain the circumstances of the arrest which the appellant had brought before the jury. No error is shown. Art. 38.24, V.A.C.C.P.; *Bermudez v. State*, 504 S.W.2d 868 (Tex.Cr.App.1974); *Wintters v. State*, 616 S.W.2d 197 (Tex.Cr. App.1981). Appellant's second ground of error is overruled.

In his third ground of error, appellant urges that the trial court erred in allowing the State to impeach the appellant on collateral matters. Appellant's direct examination had concluded with his own alibi testimony that he had not been in the Sagemont subdivision neighborhood on the day of the incident; that he "didn't even

know where it was;" that he saw the complainant for the first time at trial, and that he had not committed the offense. During cross-examination of appellant, the prosecutor elicited the following:

Q. Do you know where you were on the 29th day of August of 1980?

A. Yes, sir.

Q. Where were you?

A. Working.

Q. Did you make deliveries that day?

A. Yes, sir.

Q. Did you make any deliveries in Friendswood?

A. No, sir, we don't have anything in Friendswood.

Q. You weren't in Friendswood on the 29th, were you?

MR. SCARDINO: There is no probative value as to what happened after that day.

MR. POE: He said he never went to any other neighborhood. I can prove otherwise.

THE COURT: Overruled.

Appellant raised only a general objection, and while appellant asserts on appeal that this was impeachment on a collateral issue, there was no impeachment until the State later elicited testimony rebutting appellant's above statements. Nor was any objection raised when the cross-examination continued as follows:

Q. Were you in Friendswood on the 29th?

A. No, sir.

Q. That's your testimony under oath?

A. That's right, sir.

Q. You weren't there in Sagemont on the 28th?

A. No, sir.

Q. Well, isn't it true that you were stopped in Friendswood by the Friendswood Police Department on the 29th of August of 1980?

A. I don't know. If it's down Choate Road, if Friendswood is Choate Road.

Q. You were stopped, weren't you?

A. Yes, sir.

When the State commenced its rebuttal, a police officer testified as follows:

Q. Did you have occasion on August 29th, 1980 to come in contact with one Timothy Bazroux?

A. Yes, sir.

Q. Do you see him in the courtroom?

A. Yes, sir, I do.

Q. Is he the one with the white flowers on his shirt?

A. Yes, sir.

Q. What time of the day or night was it when you came into contact with him?

A. 1:00 o'clock in the afternoon.

Q. If the 28th was a Thursday, what would the 29th be?

A. Friday.

MR. SCARDINO: I would object to him leading this witness.

THE COURT: Sustained.

MR. POE: It is already in evidence what the 28th is.

Q. Where did you come into contact with him?

A. It was on Myrtlewood which is a residential street in a neighborhood in Friendswood.

Q. Friendswood, Texas?

A. Yes, sir.

As shown, appellant did not object to the testimony as being improper impeachment, and cannot now assert such objection for the first time on appeal. *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr.App.1976). Appellant's third ground of error is overruled.

In his fourth ground of error, appellant urges that the trial court erred in refusing to strike the jury panel due to an improper remark by one of the potential jurors. During voir dire examination of the panel, appellant's counsel inquired if any member of the panel knew someone involved with law enforcement. One venireman responded as follows:

Yes, Johnny Holmes is a member of my Sunday school class and he spoke to us yesterday. He mentioned that he considered it a big problem that there is no relationship between the prison time that is served in relation to the amount of the sentence.

After asking several other questions of the venireman, appellant's counsel approached the bench out of the panel's presence and moved for a mistrial based on the prospective juror's statement. The record is unclear as to whether the court's statement, "The court will instruct the jury not to consider that," was made at the bench for the record or was stated aloud to the entire panel. In any event, the court then instructed the entire panel as follows:

> Members of the jury panel, I want you to listen to the following instructions. If you were to serve on this jury and the person was found guilty, the amount of punishment one serves is totally up to the Board of Pardons and Paroles. You would not give that any consideration whatsoever. Is there anybody here that has any problem with that? If you do, please come up and talk to me about it at this time.

No venireman responded and the defense's motion to strike the panel was again overruled.

We observe that the prospective juror's remark was made in response to a question from the defense. No claim is made, and the record in no manner reflects, that the comment was discussed in the jury room during deliberations.

Cases cited by appellant in support of his argument for reversible error, *Mendoza v. State*, 552 S.W.2d 444 (Tex.Cr.App.1977), and *Marshburn v. State*, 522 S.W.2d 900 (Tex.Cr.App.1975), involve statements made by the State and are not directly controlling. Indeed, in *Mendoza* the Court of Criminal Appeals held that the statement, in light of the trial court's admonishments to the panel immediately after the statement, did not constitute reversible error. In *Marshburn*, the prosecutor at the punishment phase of trial directly commented that the defendant would probably only serve two out of any five years, such that a longer sentence would be best. In reversing the conviction, the Court of Criminal Appeals held that this invited the jury to consider parole law in assessing punishment. The objection had been overruled, while in our case the court had instructed the jury panel in an effort to cure any prejudice incurred by the venireman's statement. See the recent decision of *Hodge v. State*, 631 S.W.2d 754 (Tex.Cr.App.1982). Appellant's fourth ground of error is overruled.

■ By his fifth ground of error, appellant argues that the trial court erred in admitting certain purported business records without a proper predicate. Appellant correctly points out that the prosecutor had not shown that the records were made in the ordinary course of business, as required by art. 3737e, Sec. 1(a), V.A.T.S., such that the records constituted hearsay. At trial, appellant first voiced the following objection:

> Your Honor, we would object to the admission of this package of documents being introduced. There are items contained in this package that contain hearsay, Your Honor, and we would object to the introduction of those in evidence.

The exhibit contained at least three discernable types of documentary evidence—delivery tickets, time cards and a typewritten sheet entitled, "My recollections of the work situation on Thursday, August 28th, 1980." Prior to the court's ruling on this general objection, appellant narrowed his objection as follows:

> I would object to the introduction of these delivery tickets that are contained in the package, Your Honor. As the court can see, some things in here are typewritten and some things are strictly hearsay and some are written in pencil with no date and are strictly hearsay, Your Honor. We would object to the introduction of them. The proper predicate has not been laid for any of this, Your Honor.

This objection was overruled.

On appeal, appellant apparently attacks admission of the entire exhibit as being inadmissible hearsay, taking specific offense to the admission to the typewritten sheet. In order to dispose of this ground of error, it must be determined whether appellant properly objected to admission of the exhibit below, and, if there was error by the court in overruling a proper objection,

whether this was harmful or reversible error.

A review of the trial record clearly shows that appellant's first objection was aimed at undisclosed specific portions of the entire exhibit collection; this general and non-specific objection is insufficient to raise error to what hearsay may have been within the record. *Eubanks v. Winn*, 469 S.W.2d 292 (Tex.Civ.App.—Houston [14th Dist.] 1971, n.r.e.). More importantly, this objection was never ruled on by the trial court, and nothing is presented for review.

■ Appellant's next stated objection to the exhibit did specify a particular portion of the exhibit to which he was complaining, and focused the court's attention on the delivery tickets. We agree with appellant that because the proper predicate had not been made for their admission under art. 3737e, this objection was improperly overruled. However, our examination of the delivery tickets fails to reveal any harm in their admission. Only one delivery ticket pertained to appellant for the day in question, and is void of any indicia of time or other harmful evidence. Nor does our review of the exhibit in its entirety reveal any ground of reversible error. Appellant's fifth ground of error is overruled.

■ In his sixth and final ground of error, appellant contends that the trial court erred in allowing the State's witness to testify from fingerprints which were never admitted into evidence. However, the State's witness, who first testified as to the fingerprints, did so without objection by appellant. At the time appellant objected to the State's testifying from the fingerprints as not in evidence, the State immediately offered them. Appellant's specific objection was that "We would object to the testimony of Mr. Foster *who is about to testify* from evidence *that has not been admitted.*" (Emphasis added). Thus, there was no testimony regarding evidence not admitted at such point. Together, these two instances clearly fail to show any error. Appellant's sixth ground of error is overruled.

The judgment is affirmed.