Joe NATHAN, Appellant,

v.

The STATE of Texas, State.

No. 2–89–104–CR.

Court of Appeals of Texas, Fort Worth.

May 8, 1990.

Robert McCrarey, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Lisa C. McMinn, Asst., Fort Worth, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and DAY, JJ.

## OPINION

DAY, Justice.

Appellant seeks reversal of his conviction for sexual assault. Appellant was found guilty and sentenced to confinement in the Texas Department of Corrections [1] for twenty years.

We affirm the trial court.

Tim and Lydia Hischase testified that while they were camping behind an abandoned building, they were approached by appellant, who was holding a sack in his hand and inquired of them whether they knew where he could sell a gun. They testified that appellant began kicking Tim in the head, threatened to shoot them and forced Lydia to tie Tim up and give appellant Tim's knife, razor and cash in the amount of $3.65. Lydia testified she was forced to follow appellant to a junkyard, where appellant held a razor against her ear and forced her to have intercourse with him. Appellant was later found by the police, asleep under some bushes wearing Lydia's hat. A knife, razor, and some cash were found on his person. Appellant denied having sex with Lydia and testified he had disarmed Tim after Tim had picked a fight with him, taking Tim's knife and razor. He also testified that Lydia had given

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

him $3.00 and some change and had loaned her hat to him.

◼ In his first point of error, appellant contends the trial court erred in denying his motion to quash the jury panel after the panel had been contaminated by the statement of one of its members concerning the effects of parole on their verdict.

During the State's voir dire examination, the prosecutor asked a venireperson if his prior jury service might influence him and whether he could set those experiences aside. He responded as follows:

> VENIREMAN HARPER: Well, there was one issue that came up, to be perfectly honest. When we sentenced the individual, we didn't know at the time—I guess the jurors are not that well-informed—that the individual may only serve like a fifth or sixth of the sentence.

After the panel member's response, appellant moved to quash the jury panel. The trial court denied the motion to quash and read to the panel the following instruction which was also contained in the court's charge on punishment:

> THE COURT: ... You are not to discuss among yourselves how long the Defendant would be required to serve the sentence, if any, that you impose. Such matters are within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of Texas and are of no concern to you.

Appellant argues that since the improper statement by the panel member was elicited by the State, it prejudiced the jury to the extent that it could not be cured by the trial court's instructions. Appellant points us to *Bazroux v. State*, 634 S.W.2d 919 (Tex.App.—Houston [1st Dist.] 1982, no pet.). We believe appellant's reliance on *Bazroux* is misplaced.

In fact, we find the holding in *Bazroux* so similar to the case before us as to make the *Bazroux* holding applicable here. As in the instant case, the offending statement of the venireman was not responsive to the question asked, and not having been solicited, should not be charged to the questioner. In overruling appellant's point of error in *Bazroux*, the court stated as follows:

> We observe that the prospective juror's remark was made in response to a question from the defense. No claim is made, and the record in no manner reflects, that the comment was discussed in the jury room during deliberations.
>
> . . . .
>
> ... [I]n our case the court had instructed the jury panel in an effort to cure any prejudice incurred by the venireman's statement.

*Bazroux*, 634 S.W.2d at 923. Following *Bazroux*, we hold that in the absence of any claim or showing in the record that the comment was discussed or acted upon by the jury, the trial court's admonishment cured any prejudice that might have flowed from the venireman's comment. We overrule appellant's first point of error.

In his second and final point of error, appellant contends the trial court erred in denying his motion for mistrial after the State commented twice on appellant's post-arrest silence.

◼ Appellant took the stand during the guilt/innocent phase of the trial and testified he did not rob Tim Hischase and he did not have sexual intercourse with Lydia Hischase. After appellant had explained to the jury how he came into possession of the knife, razor, cash, and Lydia's hat, the prosecutor on cross-examination asked, "Did you ever bother to tell Detective Yale—?" Appellant interrupted the prosecutor's question by making a general objection which was sustained by the court and the court instructed the jury to disregard. The prosecutor then asked, "Well, Mr. Nathan, when is the first time that you have told this story about what happened out there on May the 28th and to whom did you tell it?" At that juncture, appellant made another general objection and the court excused the jury to determine the grounds for appellant's objection. In the absence of the jury, appellant for the first time articulated his objection on the grounds of post-arrest silence. The jury was reseated and the trial court sustained the objection and instructed the jury to

disregard the prosecutor's question and not consider it "for any purpose whatsoever." Appellant argues that the trial court's instructions to disregard were not sufficient to cure error because the prosecutor compounded the error after appellant's objection to the first comment had been sustained.

We find appellant failed to preserve the error for the first question and the trial court did not err because the first question was not a comment on post-arrest silence. We further hold that the error, if any, in the second question was cured by the court's instruction and was harmless.

The record reflects that earlier during the same cross-examination of appellant, the prosecutor had referred to appellant's testimony on direct examination that appellant had been attacked by Tim and cut on his chest with Tim's razor. The prosecutor then asked, "Did you complain to the police when they arrested you that, you know, here you were all cut up by Tim Hischase?" Appellant made no objection and the witness answered that he did not complain about "a few scrapes, cuts, or bumps and bruises." Error is cured when the same evidence or argument has been previously permitted without objection. *Penry v. State,* 691 S.W.2d 636, 655 (Tex. Crim.App.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986). Although the previous question was not identical to the two questions of which appellant now complains, the thrust of all three questions was to the effect that the appellant's version of the facts was told for the first time on the witness stand. Since appellant failed to object to the previous question which was asked and answered, we find he waived error in the subsequent unanswered questions. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.